**SO ORDERED.**

**SIGNED this 25 day of August, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

IN RE:

**DWIGHT & MONICA SHEPARD**

      **DEBTOR**                                          **CASE NO. 07-00473-8-JRL**

_____

**ORDER**

This case is before the court on the trustee's objection to the debtors' exemptions, the trustee's objection to amended exemptions, and the trustee's motion for turnover. On August 20, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On February 9, 2007, the debtors filed for relief under Chapter 13 of the Bankruptcy Code in an attempt to save their home from foreclosure. The filing of the Chapter 13 was precipitated by the female debtor being laid off from her job and the loss of a vehicle in November 2006. The debtors were served with foreclosure papers in late December 2006. That same week, the debtors met with attorney Meredith Ezzell to discuss the possibility of filing bankruptcy. The debtors provided Ms. Ezzell with a variety of financial documents in order to assist in the preparation of the debtors' schedules and bankruptcy petition. At that time, the debtors had not yet prepared their 2006 tax returns, so they did not provide Ms. Ezzell with any tax information for 2006 and Ms. Ezzell

scheduled an anticipated income tax return of an "unknown" amount. The Chapter 13 petition was filed on February 9, 2007. On Schedule C, the male debtor claimed a residential exemption of $18,500.00 and the female debtor claimed a residential exemption of $16,500.00, pursuant to North Carolina General Statute 1C-1601(a)(1), in the debtors' property at 205 Bloomington Lane, Wilmington, North Carolina. The female debtor also claimed an exemption in the amount $2,000.00 in an "anticipated income tax refund for 2006" pursuant to the wildcard exemption of North Carolina General Statute 1C-1601(a)(2). Several weeks after the debtors provided their financial information to Ms. Ezzell, but prior to the filing of the Chapter 13 petition, the debtors prepared and filed their 2006 tax returns. The debtors' 2006 Federal Income Tax Return, admitted at the hearing as Exhibit B, shows the debtors were entitled to a federal income tax refund of $3,433.00. In addition, the debtors' 2006 North Carolina Tax Return, admitted at the hearing as Exhibit C, shows the debtors were entitled to a state tax refund of $2,517.00. The debtors received their federal and state income tax refunds on about February 9, 2007 and February 15, 2007, respectively. The case was converted to Chapter 7 on March 3, 2008 and Algernon L. Butler, III was appointed as trustee. The trustee conducted an examination of the debtors at the 341 meeting of creditors. At the time of the 341 meeting, the debtors' schedules still reflected a residential exemption in their property at 205 Bloomington Lane, despite the fact that the debtors had abandoned the property, because no amended exemption had yet been filed. The trustee filed the original objection to exemptions on June 17, 2008. On July 7, 2008, the debtors filed amended exemptions, in which the debtors do not claim any residential exemption, but each claim a $5,000.00 wildcard exemption in the 2006 tax refund.

Section 522(l) of the Bankruptcy Code requires debtors to file a list of property that the debtors claim as exempt. 11 U.S.C. § 522(1). Any party in interest may file an objection to the exemptions within thirty days after the meeting of creditors. Fed. R. Bankr. P. 4003(b). In addition, Federal Rule of Bankruptcy Procedure 1007 provides that a debtor must file with the bankruptcy petition, or within fifteen days thereafter, certain schedules and statements including current assets and liabilities. Rule 1009 provides that a debtor may amend a schedule at any time before the case is closed without court approval. However, such amendment is not permitted where the debtor has acted in bad faith or the amendment would prejudice creditors. In re Yonikus, 996 F.2d 866 (7th Cir. 1993).

The Chapter 7 trustee filed an objection to the debtors' exemptions and amended exemptions pursuant to Bankruptcy Rule 4003(b). The trustee contends that the debtors knowingly made a false representation as to the amount of their 2006 tax refund on Schedule B under penalty of perjury. The trustee asserts that the debtors knew that they were entitled to tax refunds in the cumulative amount of $5,950.00 because the debtors had actually prepared and filed their federal and state income tax returns at the time the Chapter 13 petition was filed. The trustee further asserts that the debtors again falsely represented at the 341 meeting of creditors that their schedules were true and correct and that they had scheduled all of their property. The trustee contends that the undisclosed tax refunds for 2006 in the amount of $5,950.00 constitute property of the estate to which the trustee is entitled. The trustee objects to the debtors' exemption of any tax refund and requests that the debtors claim of exemption and amended claim of exemption be denied because the debtors should not be allowed to claim an exemption in an asset which they have misrepresented and failed to disclose. The trustee contends that the debtors should not be permitted to amend their exemptions

3

because they have acted in bad faith. The trustee also requests an order requiring the debtors to turn over and deliver to the trustee funds in the amount of $5,950.00, representing the amount of undisclosed tax refunds.

The debtors contend that they did not knowingly misrepresent or fail to disclose the amount of their anticipated tax return for 2006. At the hearing, the female debtor presented testimony regarding the timeline surrounding the filing of their Chapter 13 petition, the filing of the 2006 income tax returns, and the conversion of the case to Chapter 7. The female debtor testified that she did not provide Ms. Ezzell with her 2006 tax refund information at the time of their initial meeting because they had not yet prepared the returns. She further testified that she does not have a clear memory of the meeting with Ms. Ezzell that occurred when the petition was finalized, nor does she have a clear recollection of any specific questions about the anticipated tax refunds from either the Chapter 13 or Chapter 7 trustees. The female debtor's testimony reflected that the debtors did not knowingly fail to disclose the accurate amount of their 2006 tax refund, but that their failure to do so was an oversight caused by the series of events that led up to and surrounded the filing of their Chapter 13 petition.

Based on the record, the court sustains the Chapter 7 trustee's objection to the debtors' amended exemptions and overrules the trustee's objection to the original exemptions. The court finds that the debtors filed their 2006 federal and state income tax returns approximately one week prior to the filing of the Chapter 13 petition, and that those returns reflected an anticipated federal refund of $3,433.00 and an anticipated state refund of $2,517.00. However, the debtors' schedules

4

filed with the petition reflected an anticipated tax refund of an "unknown" amount.[1]  The court is of the opinion that if there was any question as to the amount of the refund actually received by the debtors, those amounts should have been disclosed within several weeks of the filing of the petition when the amounts of the refunds were deposited into the debtors' bank accounts and verified.  The court finds that the debtors had a duty to disclose the accurate amount of their tax refund to the court and to the Chapter 13 trustee at that time.  Although the court does not believe that the debtors purposefully concealed the amount of their 2006 tax refund, good faith requires debtors to file amendments to schedules and exemptions when they discover a material change or mistake in the description of property or in the value of property.  Once the debtors verified that the tax refunds of $5,950.00 were electronically deposited into their bank account by seeing their bank statements in late February 2007, then they should have immediately amended their schedules, as the amount of the refunds was no longer "anticipated."  Here, the debtors did not amend their scheduled exemptions until after the Chapter 7 trustee objected to the exemptions, which occurred more than a year after the debtors received their 2006 income tax refunds and after their case was converted to Chapter 7.  Moreover, disclosure of the tax refund amount is especially important in this case because, had the Chapter 13 trustee known about the excess refund over the $2,000.00 claimed as exempt, the nonexempt portion of the tax refunds of $3,950.00 would have been used in the Chapter 13 trustee's calculation to determine if the debtors' plan complied with the liquidation test.  The liquidation test requires that the amount unsecured creditors receive pursuant to a Chapter 13 plan

---

[1] Had the debtors been attempting to conceal the tax refunds, they would not have made any reference to tax refunds in Schedule B(personal property) or Schedule C(claim of exemptions).

is not less than the amount that would be paid if the debtors' estate was liquidated under Chapter 7. 11 U.S.C. § 1325(a)(4).

Pursuant to the foregoing, the court **SUSTAINS** the trustee's objection to the debtors' amended exemption and **OVERRULES** the trustee's objection to the debtors' original exemptions. The debtors are permitted to retain the $2,000.00 in 2006 tax refunds originally scheduled as exempt, but are directed to turn over to the Chapter 7 trustee the $3,950.00 in undisclosed tax refunds.

**SO ORDERED.**

"**END OF DOCUMENT**"